IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quincy Marquette McCoy, #301045, ) | |
| ) | C/A No. 0:08-3747-HMH-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Leroy Cartledge, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Quincy Marquette McCoy ("McCoy"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment. (Docket Entry 23.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 25.) McCoy filed a response in opposition to the respondent's motion, (Docket Entry 29), which is now before the court for a Report and Recommendation.

**BACKGROUND**

McCoy was indicted in May 2003 in Lexington County for kidnapping (03-GS-32-1987), attempted armed robbery (03-GS-32-1983), burglary in the first degree (03-GS-32-1988), possession of a firearm or knife during the commission of a violent crime (03-GS-32-1985), and criminal conspiracy (03-GS-32-1984), and indicted in August 2003 in Lexington County for murder (03-GS-32-3393). (App. at 60-71, Docket Entry 24-2 at 2-71.) McCoy was represented by Steven Soltis, II, Esquire, and on October 20, 2003, pled guilty to voluntary manslaughter, burglary in the first degree, attempted armed robbery, kidnapping, possession of a firearm or knife during the

commission of a violent crime, and criminal conspiracy. (App. at 3-6, Docket Entry 24-1 at 5-8.) McCoy was sentenced on April 6, 2004 to thirty years' imprisonment for voluntary manslaughter, burglary, and kidnapping; twenty years' imprisonment for attempted armed robbery; and five years' imprisonment for possession of a firearm and criminal conspiracy, all sentences to be served concurrently. (App. at 57, Docket Entry 24-1 at 59.) McCoy did not file a direct appeal.

McCoy filed a *pro se* application for post-conviction relief on August 31, 2004 ("PCR Action"). (McCoy v. State of South Carolina, 04-CP-32-3142, App. at 72-89, Docket Entry 24-2 at 14-31.) In his application, McCoy alleged the following grounds for relief:

1. Ineffective Assistance of Counsel (U.S.C.A. Const. Amend 6, 14; S.C. Const. Art. I, § 3

2. Involuntary, unintell[i]gent plea & unknowing plea

3. Violation of my 6th Amendment right to effective assistance of counsel

4. Violation of Due Process under U.S.C.A. Const. Amend. 14 and S.C. Const. Art. I § 3

(App. at 73-74, Docket Entry 24-2 at 15-16.) The State filed a return on December 14, 2004. (App. at 90-93, Docket Entry 24-2 at 32-35.) On June 27, 2006, the PCR court held an evidentiary hearing at which McCoy was present and testified and was represented by Heath P. Taylor, Esquire. (App. at 94-151, Docket Entry 24-2 at 36 through Docket Entry 24-3 at 28.) The PCR court denied McCoy's application for post-conviction relief by order filed December 13, 2006. (App. at 157-66, Docket Entry 24-3 at 34-43.) Specifically, the PCR court addressed and denied McCoy's claims that trial counsel was ineffective by (1) failing to inform McCoy of the possible sentences he could receive; (2) telling McCoy that he could receive the death penalty if he did not plead guilty; (3) failing to advise McCoy of the elements needed for the State to prove his guilt; (4) failing to require that the judge who accepted McCoy's guilty plea also impose McCoy's sentence; and (5) failing to

seek withdrawal of McCoy's guilty plea at McCoy's request. (Id.) Additionally, the court ruled that McCoy "knowingly and intelligently pled guilty and the total sentence he received was within the range that he understood." (Order, App. at 164, Docket Entry 24-3 at 41.) Finally, the PCR court concluded that McCoy waived any other PCR claims because he failed to present probative evidence to support them. (App. at 165, Docket Entry 24-3 at 42.)

McCoy filed an appeal in which he was represented by Katherine Hudgins, Esquire, Appellate Defender for the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On November 8, 2007, Hudgins filed a Johnson[1] petition for a writ of certiorari and petition to be relieved as counsel in which she presented the following issue:

> Was trial counsel ineffective in failing to require that the judge who accepted the guilty plea impose the sentence?

(Docket Entry 24-4 at 3.) Additionally, McCoy filed a *pro se* response to the Johnson petition in which he presented the following issues:

1. Was trial counsel ineffective in failing to require that judge who accepted the guilty plea impose the sentence?

2. Was trial counsel ineffective in failing to advise petitioner of maximum sentence?

3. Was trial counsel ineffective in promising Petitioner a 15 to 20 year sentencing range?

4. Was trial counsel ineffective in failing to motion to the court to withdraw Petitioners plea at petitioners request?

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

5. Was sentencing judge in error in not complying with rule 11 of federal rules of criminal procedure and 18 U.S.C.A.?

6. Did the PCR Judge err in denying PCR hearing on grounds that 15-30 yrs. was in range of understood plea even in regards to the case THOMPSON v. STATE?

(Docket Entry 24-5 at 3.) By order dated June 26, 2008, the South Carolina Supreme Court denied McCoy's petition for a writ of certiorari. (Docket Entry 28-1.) The remittitur was issued on July 14, 2008. (Docket Entry 28-2.)

## FEDERAL HABEAS ISSUES

In McCoy's federal petition for a writ of habeas corpus, he raises the following issues:

**Ground One:** Ineffective assistance of counsel.
   **Supporting Facts:** Attorney basically did not do anything but erroneously advised defendant to plea guilty. He did no investigation, allowed defendant to be sentenced by Judge other than Judge whom accepted guilty plea, did not tell defendant maximum sentence of guilty plea or direct consequences, promised defendant a 15 yr sentence and could not manifest his promise in truth, denied defendant to withdraw his guilty plea upon request.

**Ground Two:** Unintelligent, unknowing, involuntary guilty plea.
   **Supporting Facts:** Defendant did not know elements, what the indictments manifested of the crime. Defendant did not know direct consequences of the crimes/sentences, was coerced into pleading guilty against his own will which was proven at the PCR hearing. Was promised 15 yrs in prison by attorney and Prosecutor not knowing the plea was 15 to life which misled me by not telling me the maximum sentence.

**Ground Three:** Denied 14th Amendment Right of Due Process by violating the 11th Rule of federal rules of Crim. Proc.
   **Supporting Facts:** I was not sentenced by same Judge who accepted my plea. The Judge that sentenced me did not establish a factual basis for the plea, nor did he ask me one question to establish was I making a knowing, voluntary, intelligent guilty plea. Facts are shown on the PCR hearing record.

(See Pet., Docket Entry 1 at 5-8.)

## DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of

a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

    **1.     Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

    **2.     Exhaustion Requirement**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or

barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C.      Motion for Summary Judgment**

   **1.      Ground One**

As an initial matter, in the return and memorandum of law in support of summary judgment, the respondent in addressing Ground One identifies six allegations of ineffective assistance of counsel and refers to them as subsections (a)-(f). Specifically, the respondent states that:

> Ground One alleges that trial counsel was ineffective (a) for advising Petitioner to plead guilty; (b) for failing to investigate; (c) for allowing a different [j]udge to sentence Petitioner than the one who took his plea; (d) for failing to advise Petitioner of the maximum set[en]ence he faced or the direct consequences of the guilty plea; (e) for promising Petitioner a fifteen year sentence; and (f) for failing to make a motion to withdraw the plea when requested by Petitioner.

(Docket Entry 24 at 7.) In responding to the motion, McCoy adopted the respondent's subsection identification. Therefore, the court will refer to Ground One in this manner as well.

   **a.      Procedural Bar**

Ground One(a) of McCoy's Petition alleges that counsel was ineffective for advising McCoy to plead guilty. It does not appear that this issue was presented to the state appellate courts in his petitions. Moreover, in McCoy's response to summary judgment, he appears to base this argument solely on his assertion that counsel in fact knew he was innocent. (See Docket Entry 29 at 10.) While many of the arguments that McCoy presented to the PCR court and the appellate court are underpinned with the general argument that counsel was ineffective in advising McCoy to plead

guilty, a review of the record reveals that this is the first time that McCoy has raised this particular argument. Accordingly, to the extent that Ground One(a) alleges that counsel was ineffective for advising McCoy to plead guilty based on McCoy's contention that counsel in fact knew he was innocent, this claim was not fairly presented to the South Carolina appellate courts and is procedurally barred from federal habeas review. Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").

Further, the respondent contends that Ground One(b), which alleges that counsel was ineffective for failing to investigate, is procedurally barred from federal habeas review as McCoy did not raise this issue at the PCR hearing or present it to the state appellate court. The court agrees that this claim was not fairly presented to the South Carolina appellate courts and is also procedurally barred from federal habeas review. Picard, 404 U.S. at 275-76.

Finally, the respondent asserts that although the remaining issues raised in Ground One were presented in either McCoy's Johnson petition for a writ of certiorari or in his *pro se* response to the Johnson petition, the South Carolina Supreme Court would not have considered them on the merits based on the holding in State v. Lyles, 673 S.E.2d 811 (S.C. 2009) and, therefore, they are procedurally barred.

In Lyles, the South Carolina Supreme Court addressed petitions for writ of certiorari following Anders review by the South Carolina Court of Appeals and held that "as a matter of policy, we will not entertain petitions for writs of certiorari to the Court of Appeals where the Court of Appeals has conducted an Anders review." Id. at 812. The state Supreme Court noted that "a decision of the Court of Appeals after conducting a review pursuant to Anders is not a decision on

the merits of the appeal, but simply reflects that the appellate court was unable to ascertain a non-frivolous issue which would require counsel to file a merits brief." Id. at 813.

McCoy did not file a direct appeal; thus, Lyles is not directly applicable here. The respondent appears to rely on Lyles by analogy, contending that because the Supreme Court stated that an Anders review is not a decision on the merits, then the denial of a Johnson petition similarly "does not involve consideration of the merits of any issue." (Respt.'s Ret. & Mem. in Supp. of Summ. J. at 12, Docket Entry 24 at 12.) Therefore, the respondent argues, these claims are procedurally barred, since, it contends, in denying certiorari pursuant to Johnson, the appellate court necessarily determined that the claims were procedurally defaulted under independent and adequate state procedural rules. (Id. at 11.)

The court disagrees with the respondent's attempt to apply Lyles in this manner. Were the court to accept the respondent's argument, any claim presented by an inmate that was (1) raised and ruled on by the PCR court and (2) fairly presented to the state appellate court in a Johnson petition (or response) would nonetheless be barred from federal habeas review if the state appellate court denied discretionary review. The court rejects this contention and finds that the denial by an appellate court of discretionary review of a PCR action does not itself result in a "procedural" default within the meaning of Coleman.

As stated above, a federal habeas court generally should not review the merits of claims that would be found to be defaulted (or barred) under independent and adequate state *procedural* rules. Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437. Some examples of independent and adequate state procedural rules barring federal habeas review include missing a state's filing deadline, Coleman, 501 U.S. at 743-744, and non-compliance with the state's preservation rule, Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007). By contrast, the doctrine of res judicata has been held

not to constitute an independent and adequate state procedural basis barring federal review. In so concluding, the United States Court of Appeals for the Seventh Circuit stated:

> If state courts could, by simply shutting their ears to litigants, preclude further review in the federal courts, few habeas petitioners (if any) would ever make it to federal court. . . .
>> [T]he crucial inquiry is whether the state courts either have held that a procedural misstep is a forfeiture, or would so hold if a collateral attack were filed in state court. If the prisoner has presented his argument to the right courts at the right times—as the states define these courts and times—then the claim is preserved for federal collateral review.

Porter v. Gramley, 112 F.3d 1308, 1316 (7th Cir. 1997) (quoting Hogan v. McBride, 74 F.3d 144, 147 (7th Cir. 1996)).

Thus, even if the holding in Lyles were expanded to apply to Johnson (rather than Anders) review,[2] the court disagrees with the respondent that the decision in Lyles supports the proposition that the claims are procedurally defaulted under Coleman. While the Lyles Court observed that an Anders dismissal is "not a decision on the merits," it is clear that the Court used this phrase in the sense that an Anders dismissal does not involve a hard look by the appellate court with full briefing as to whether the appellant should ultimately win or lose. See Lyles, 673 S.E.2d at 813 (holding that an Anders dismissal "simply reflects that the appellate court was unable to determine a non-frivolous issue which would require counsel to file a merits brief"). Rather, it is more in the nature of a summary dismissal—a commentary that the appeal is not worthy of review by the appellate court. It is not a rejection due to the litigant's "procedural missteps" or failure to comply with state procedure rules or law. The failure to raise a non-frivolous or meritorious issue is not a *procedural* deficiency within the contemplation of Coleman. Moreover, it is well settled that when the last state

---

[2] Without fully discussing the differences here, the court observes that the appellate procedure for direct appeal (Anders review) is not identical to that for a petition for a writ of certiorari following a PCR order. Compare Rules 201 & 242, SCACR, with Rule 243, SCACR.

court to review an issue summarily disposes of the claim—for example through the denial of certiorari—the federal habeas court may look through the denial to the last reasoned decision. See Ylst v. Nunnemaker, 501 U.S. 797, 803-804 (1991).

In this case, McCoy has presented the claims in Grounds One(c)-(f) to the right courts at the right times. Although the state appellate court exercised its discretion not to review McCoy's issues because it deemed them to be without merit, his arguments are not *procedurally* barred. Therefore, the court turns to the merits of Ground One(c)-(f).

### b. Ineffective Assistance of Counsel Generally

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small

that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

To prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a petitioner must show that "trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

    **c.**    **Ground One(c)**

In Ground One(c), McCoy alleges that counsel was ineffective for allowing a different judge from the judge who took his guilty plea to sentence him. McCoy argues that he was unaware that he would not be sentenced by the judge who accepted his plea or that he would be sentenced on a later date. In rejecting this claim, the PCR court stated that

> [b]ased on the nature of many of [McCoy's] alleged statements, his demeanor, and his claims of having lied under oath before, this Court finds [McCoy's] testimony before this Court to be manifestly unbelievable. In contrast, this Court finds plea counsel's testimony very credible and has no reason to doubt his statements to the plea and sentencing courts.

(App. at 163, Docket Entry 24-3 at 40.) The PCR court further concluded that "[McCoy's] complaint that he was sentenced by a different judge than the one he pled before" is not a proper ground for PCR. (App. at 164, Docket Entry 24-3 at 41.) Additionally, the PCR court found that "[e]ven if the Court were to consider that a valid complaint, which it does not, this Court finds [McCoy] pled guilty understanding he would be sentenced by the judge who presided over his co-defendant's trial; thus he waived any right to complain." (Id.) Upon thorough review of the record in this matter, the court finds that McCoy cannot demonstrate that the PCR court unreasonably

misapplied clearly established federal law in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams v. Taylor, 529 U.S. at 410; 28 U.S.C. § 2254(d)(2), (e)(1).

Moreover, the respondent argues—and the court agrees—that McCoy has failed to show that there is any right under either state or clearly established federal law to be sentenced by the same judge who accepted a guilty plea.[3] (See Rept.'s Ret. & Mem. in Supp. of Summ. J. at 17, Docket Entry 24 at 17); see also Taylor v. Bowersox, 329 F.3d 963, 968-69 (8th Cir. 2003). Accordingly, McCoy cannot show that counsel's performance fell below an objective standard of reasonableness and McCoy cannot meet the standard enunciated under Strickland and Burket. Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189. Therefore, McCoy is not entitled to federal habeas relief on this claim.

    **d.**    **Grounds One(d) and (e)**

In Grounds One(d) and (e), McCoy asserts that counsel was ineffective for failing to advise him of the maximum sentence or consequences of his plea and for promising that he would receive a fifteen-year sentence. McCoy argues that he was not aware that he was facing fifteen years to life and that, if he had known, he would not have pled guilty. These claims were considered and rejected by the PCR court.

A review of the record in this matter reveals the following pertinent facts. During the plea colloquy, the Honorable William P. Keesley reviewed the possible sentence ranges for each of the

---

[3] McCoy argues based on several cases from the state courts of Florida that the record must reflect a necessity or emergency for a judge other than the judge who accepted the plea to sentence a defendant. (See Docket Entry 29 at 12-13.) McCoy's reliance on these cases is misplaced, as these cases are interpreting and applying Florida state law. McCoy also appears to contend that Federal Rule of Criminal Procedure 25 was violated; however, this rule applies to federal criminal proceedings and is inapplicable to McCoy's state criminal case. (See id. at 12, 14.)

charges and asked McCoy whether he understood the penalties for each charge. Relevant to McCoy's claim that he was unaware that he was facing life, Judge Keesley specifically stated, "Burglary in the 1st degree carries 15 years in prison, up to life imprisonment as a possible punishment. Do you understand that?" (App. at 28, Docket Entry 24-1 at 30.) McCoy responded, "Yes, sir." (App. at 29, Docket Entry 24-1 at 31.) In a letter to the sentencing court, McCoy alleged that he was promised a sentence of fifteen years and then stated that counsel informed him he could receive as many as twenty years. (App. at 153, Docket Entry 24-3 at 30.) Further, McCoy testified at the PCR hearing that he "was told that [he] was pleading guilty [to] 15 to 30 years." (App. at 55, Docket Entry 24-1 at 57.) McCoy stated that counsel told him that "if [he] testified, [he] would most likely get the 15 years." (Id.)

As stated above, the PCR court found McCoy's testimony at the PCR hearing to be "manifestly unbelievable" and counsel's testimony to be very credible. (App. at 163, Docket Entry 24-3 at 40.) Counsel testified that he explained the possible sentence range McCoy was facing. (App. at 125-26, Docket Entry 24-3 at 2-3.) He further stated that when he and the solicitor spoke with the sentencing judge, the Honorable Marc H. Westbrook, prior to sentencing, Judge Westbrook indicated that a sentence range of fifteen to twenty years was possible, which counsel then communicated to McCoy prior to sentencing. (App. at 128-29, 136-37, Docket Entry 24-3 at 5-6, 13-14.) Counsel denied ever promising McCoy that he would be sentenced to fifteen years.

The PCR court found McCoy "was properly advised of the potential sentences by both plea counsel and the plea court" and that McCoy "was not promised any sentence by either plea counsel or the solicitor." (App. at 163, Docket Entry 24-3 at 40.) Further, the PCR court found that "the Applicant has failed to convince this Court that he pled guilty under the belief—rather than the mere hope—that he would receive a fifteen (15) year sentence." (Id.) The court observed that McCoy

"admitted his guilt to the plea judge and expressed he was sorry and requested mercy in his comments to the sentencing judge." (Id.)

After a thorough review of McCoy's arguments and the record in this matter, the court finds that McCoy cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams v. Taylor, 529 U.S. at 410; 28 U.S.C. § 2254(d)(2), (e)(1). Based on the PCR court's reasonable findings that McCoy was apprised of the potential sentences by counsel and was not promised a fifteen year sentence by counsel, McCoy cannot show that counsel's performance fell below an objective standard of reasonableness. Therefore, McCoy cannot meet the standard enunciated under Strickland and Burket. Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189. Accordingly, McCoy is not entitled to federal habeas relief on these claims.

    **e.**     **Ground One (f)**

In Ground One(f), McCoy contends that counsel was ineffective in failing to follow McCoy's request to move to withdraw the plea. During the PCR hearing, counsel testified that he believed that McCoy discussed with him the possibility of withdrawing his plea; however, he did not recall McCoy ever specifically asking him to withdraw it. (App. at 131-32, Docket Entry 24-3 at 8-9.) Further, counsel stated if McCoy had requested counsel to move to withdraw the plea, counsel did not believe he would have refused to do so. (App. at 132, Docket Entry 24-3 at 9.) Finally, counsel testified that he did not believe that McCoy would have been permitted to withdraw his plea after testifying against his co-defendant, but speculated that it was possible. (Id.) McCoy stated that he tried to withdraw his plea several times after he discovered the maximum sentences he was facing, but counsel told him that the judge would not let him withdraw it. (App. at 102, Docket Entry 24-2 at 44.) Based on this testimony, the PCR court found that "plea counsel did not refuse to seek

permission to withdraw [McCoy's] guilty plea and that even if [McCoy] did express a desire to withdraw his plea after his testimony during his co-defendant's trial, the sentencing court likely would not have permitted a withdrawal." (App. at 164, Docket Entry 24-3 at 42.)

In response to the motion for summary judgment McCoy relies on the above testimony to support his claim and contends that if counsel had moved to withdraw the plea, he would not have received a sentence of thirty years' imprisonment. (Docket Entry 29 at 18-19.) Upon thorough review of the record, the court finds that McCoy cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams v. Taylor, 529 U.S. at 410; 28 U.S.C. § 2254(d)(2), (e)(1). Moreover, even if counsel were deficient in failing to move to withdraw the plea, McCoy's bare assertion that he would not have received thirty years is insufficient to overcome the PCR court's reasonable finding that the sentencing court likely would have denied a motion to withdraw. Accordingly, McCoy cannot demonstrate that he was prejudiced by counsel's representation and cannot meet the standard enunciated under Strickland and Burket. Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189. Therefore, McCoy is not entitled to federal habeas relief on this claim.

### 2. Ground Two

In Ground Two, McCoy alleges that his plea was not intelligently, knowingly, and voluntarily entered because he did not know the elements or potential sentences of the crimes. McCoy further argues that he was coerced into pleading guilty against his will. McCoy's arguments as to the voluntariness of his plea are subsumed in his arguments in his ineffective assistance of counsel claims discussed above. Essentially, McCoy contends that his plea was involuntary as a result of ineffective assistance of counsel.

"Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985). For the same reasons discussed above, McCoy cannot meet the standard enunciated under Strickland and Burket and, therefore, cannot demonstrate that counsel was ineffective or that his plea was not voluntary or intelligent. Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189. Accordingly, McCoy is not entitled to federal habeas relief on this ground.

### 3. Ground Three

Finally, McCoy argues in Ground Three that he was denied his due process. In support of this argument, McCoy contends that the state court allegedly violated Rule 11 of the Federal Rules of Criminal Procedure because he was not sentenced by the same judge who accepted his plea. Rule 11 of the *Federal* Rules of Criminal Procedure do not apply to *state* criminal proceedings. See Miles v. Dorsey, 61 F.3d 1459, 1466 -67 (10 th Cir. 1995); Powell v. Wyrick, 744 F.2d 632, 635 n.1 (8th Cir. 1984); Williams v. Smith, 591 F.2d 169, 172 (2d Cir. 1979); 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 171 (4th ed. 2008) ("The procedural requirements of Rule 11 apply only to federal guilty pleas . . . . State courts need not follow the Rule 11 procedures, although they are bound by the constitutional requirements for a valid waiver and a valid guilty plea."). Furthermore, as stated above, McCoy has not shown that there is a state-created right in South Carolina or a clearly established federal right for a defendant to be sentenced by the same judge who accepted his plea. See Taylor v. Bowersox, 329 F.3d 963, 968-69 (8th Cir. 2003). Accordingly, McCoy cannot demonstrate that his plea and sentencing violated his due process rights.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (Docket Entry 23) be granted and that McCoy's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 8, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).