IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Quincy Marquette McCoy, #301045, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 0:08-3747-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Leroy Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil

Rule 73.02 of the District of South Carolina.[1]  Quincy Marquette McCoy ("McCoy") seeks habeas

corpus relief pursuant to 28 U.S.C. § 2254.  In her Report and Recommendation, Magistrate

Judge Gossett recommends granting Respondent's motion for summary judgment and dismissing

McCoy's § 2254 petition.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

McCoy is currently incarcerated at McCormick Correctional Institution, a South Carolina

Department of Corrections ("SCDC") facility.  On October 20, 2003, McCoy pled guilty to

voluntary manslaughter, burglary in the first degree, attempted armed robbery, kidnapping,

possession of a firearm or knife during the commission of a violent crime, and criminal

---

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court may
accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge
or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

conspiracy. (Resp. Mem. Supp. Summ. J. Exs. (App. 3-6).) McCoy was sentenced on

April 6, 2004, to thirty years' imprisonment for voluntary manslaughter, burglary, and

kidnapping; twenty years' imprisonment for attempted armed robbery; and five years'

imprisonment for possession of a firearm and criminal conspiracy, all sentences to be served

concurrently. (Id. Exs. (App. 57).) McCoy was represented by Steven Soltis II ("Soltis") at his

plea hearing and sentencing. McCoy did not file a direct appeal.

McCoy filed a pro se application for post-conviction relief ("PCR") on August 31, 2004.

(Id. Exs. (App. 72-89).) In his application, McCoy alleged the following grounds for relief:

> 1. Ineffective Assistance of Counsel (U.S.C.A. Const. Amend. 6, 14; S.C. Const. Art. I § 3.).
>
> 2. Involuntary, unintell[i]gent plea & unknowing plea.
>
> 3. Violation of my 6th Amendment right to effective assistance of counsel.
>
> 4. Violation of Due Process under U.S.C.A. Const. Amend. 14 and S.C. Const. Art. I § 3.

(Id. Exs. (App. 73-74).) An evidentiary hearing was held on June 27, 2006, at which McCoy

testified and was represented by Heath P. Taylor. (Id. Exs. (App. 94-151).) On December 13,

2006, the PCR court denied McCoy's application for PCR. (Resp't Mem. Supp. Summ. J. Exs.

(App. 157-66).)

McCoy filed an appeal in which he was represented by Katherine Hudgins ("Hudgins").

On November 8, 2007, Hudgins filed a Johnson petition for a writ of certiorari and petition to be

relieved as counsel in which she presented one issue: "Was trial counsel ineffective in failing to

require that the judge who accepted the guilty plea impose the sentence?" (Id. Exs. (Johnson

Petition 3).) McCoy filed a pro se response to the Johnson petition raising the following issues:

2

1. Was trial counsel ineffective in failing to require that judge who accepted the guilty plea impose the sentence?

2. Was trial counsel ineffective in failing to advise Petitioner of maximum sentence?

3. Was trial counsel ineffective in promising Petitioner a 15 to 20 year sentencing range?

4. Was trial counsel ineffective in failing to motion to the court to withdraw Petitioners [sic] plea at petitioner[']s request?

5. Was sentencing judge in error in not complying with rule 11 of federal rules of criminal procedure and 18 U.S.C.A.?

6. Did the PCR Judge err in denying PCR hearing on grounds that 15-30 yrs. was in range of understood plea even in regards to the case THOMPSON v. STATE?

(Id. Exs. (Pro Se Response to Johnson Petition).)  On June 26, 2008, the South Carolina Supreme

Court denied McCoy's petition for a writ of certiorari.  (Id. Exs. (June 26, 2008 Order).)

McCoy filed the instant § 2254 petition on November 13, 2008,[2] raising the following

issues:

**Ground One:** Ineffective assistance of counsel.
**Supporting Facts:** Attorney basically did not do anything but errenously advised [me] to plea guilty.  He did no investigation, allowed [me] to be sentenced by Judge other than Judge whom accepted guilty plea, did not tell [me] maximum sentence of guilty plea or direct consequences, promised [me] a 15 yr sentence and could not manifest his promise in truth, denied [me] to withdraw [my] guilty plea upon request.

**Ground Two**: Unintelligent, unknowing, involuntary guilty plea.
**Supporting Facts**: [I] did not know elements, what the indictment's manifested of the crime. [I] did not know direct consequences of the crimes/sentences, was coerced into pleading guilty against [my] own will which was proven at the PCR hearing.  Was promised 15 yrs in prison by attorney and Prosecutor not knowing the plea was 15 to life which mislead me by not telling me the maximum sentence.

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

**Ground Three**: Denied 14th Amendment Right of Due Process by violating the 11th Rule of Federal rules of Crim. Proc.

> **Supporting Facts**: I was not sentenced by same Judge who accepted my plea. The Judge that sentenced me did not establish a factual basis for the plea, nor did he ask me one question to establish was I making a knowing, voluntary, intelligent guilty plea. Facts are shown on the PCR hearing record.

(McCoy § 2254 Pet., 6-9) (errors in original). Respondent filed a motion for summary judgment on April 13, 2009. McCoy filed a memorandum in opposition to Respondent's motion for summary judgment on May 11, 2009.[3] Magistrate Judge Gossett recommends granting Respondent's motion for summary judgment. McCoy filed objections on January 26, 2010.[4]

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will

---

[3] Id.

[4] Id.

4

properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

**B. Standard of Review in a § 2254 Petition**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Tucker has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application

of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [McCoy's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

McCoy filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of McCoy's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean four specific objections. McCoy objects that the magistrate judge erred in finding that (1) two of his ineffective assistance of counsel claims are procedurally barred, (2) he is unable to demonstrate that his counsel's performance fell below an objective standard of reasonableness, (3) his guilty plea was valid, and (4) his due process rights were not violated when he was sentenced by a judge other than the judge who accepted his guilty plea. (Objections, generally.)

6

First, McCoy objects to the magistrate judge's finding that two of his ineffective

assistance of counsel claims are procedurally barred.  In his § 2254 petition, McCoy alleges

under Ground One that his counsel was ineffective for (a) advising him to plead guilty;  (b)

failing to investigate;  (c) allowing a different judge to sentence him as opposed to the judge who

accepted his guilty plea;  (d) failing to tell him the maximum sentence of a guilty plea;

(e) promising him a fifteen-year sentence;  and (f) failing to make a motion to withdraw his guilty

plea upon request.  (McCoy § 2254 Pet. 6.)  Magistrate Judge Gossett concluded that Ground

One (a) and Ground One (b) are procedurally barred.

During McCoy's PCR hearing he "offered the following amendments to his application:

ineffective assistance of counsel in that counsel failed to investigate . . . [and] erroneously

advised [him] to plead guilty."  (Resp't Mem. Supp. Summ. J. Exs. (App. 158-59).)  In its order

denying PCR, however, the PCR court did not specifically address either of these two issues.

Rather, at the conclusion of the order, the PCR court noted that

> any and all allegations that were . . . raised . . . at the hearing . . . but were not
> specifically addressed in this Order, th[e] Court finds [McCoy] failed to present
> any probative evidence regarding such allegations.  Accordingly, th[e] Court
> finds that [McCoy] waived such allegations and failed to meet his burden of
> proof regarding them.

(Id. Exs. (App. 165).)  Consequently, McCoy's ineffective assistance of counsel claims based on

advising him to plead guilty and failure to investigate were dismissed with prejudice.  (Id.)  As

such, Ground One (a) and Ground One (b) are procedurally barred from federal habeas review.

"It is the rule in this country that assertions of error in criminal proceedings must first be

raised in state court in order to form the basis for relief in habeas.  Claims not so raised are

considered defaulted."  Breard v. Greene, 523 U.S. 371, 375 (1998) (internal citation omitted).

Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Procedural default may be excused only if McCoy "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

McCoy failed to raise on appeal all of the grounds raised in the PCR court. Further, McCoy did not file a timely Rule 59(e) motion requesting that the PCR court make specific findings on all of his claims raised in his PCR application. Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review. . . ."). On appeal, McCoy raised seven issues as detailed above. See (Resp't Mem. Supp. Summ. J. Exs. (Johnson Petition) & (Pro Se Response to Johnson Petition).). McCoy did not raise on appeal the PCR court's denial of his Ground One (a) and Ground One (b) claims, however. "[T]he existence of cause for a procedural default . . . turn[s] on whether . . . [McCoy] can show that some objective factor external to the defense impeded . . . [his] efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999). McCoy has not provided the court with any evidence to establish cause for default or prejudice with respect to Ground One (a) or Ground One (b). Accordingly, McCoy has not established cause for the default. Consequently, McCoy's objection is without merit and Ground One (a) and Ground One (b) are procedurally barred.

Second, McCoy objects to the magistrate judge's finding that his remaining ineffective assistance of counsel claims, Ground One (c) through Ground One (f) are without merit. (Objections, generally.)  In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, McCoy must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  With respect to the second prong, McCoy must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  McCoy has failed to demonstrate that his counsel's actions fell below an objective standard of reasonableness.

In Ground One (c), McCoy alleges ineffective assistance of counsel because counsel allowed a different judge to sentence him as opposed to the judge who accepted his guilty plea. (McCoy § 2254 Pet. 6.)  Soltis testified that McCoy was aware that the "State . . . offered to let [him] plead guilty and then have the judge who presided over [his] co-defendant's trial, whomever that might be, sentence [McCoy]."  (Resp't Mem. Supp. Summ. J. Exs. (App. 162).)  The PCR court held that

> [b]ased on the nature of many of his alleged statements, his demeanor, and his claims of having lied under oath before, this Court finds [McCoy's] testimony before this Court to be manifestly unbelievable.  In contrast, this Court finds [Soltis'] testimony very credible and has no reason to doubt his statements to the plea and sentencing courts.

9

(Id. Exs. (App. 163).) "Credibility determinations, such as those the state PCR court made regarding [McCoy and his counsel], are factual determinations." Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003).

> As such, they are presumed to be correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.

Id. (internal quotation marks omitted). The PCR court found that McCoy "pled guilty understanding [that] he would be sentenced by the judge who presided over his co-defendant's trial; thus he waived any right to [later] complain" about which judge sentenced him. (Resp't Mem. Supp. Summ. J. Exs. (App. 161).) Accordingly, McCoy has failed to show that counsel was constitutionally ineffective or that he was prejudiced by counsel failing to object to him being sentenced by a different judge. Further, the PCR court's determination was not contrary to clearly established federal law. Accordingly, McCoy's Ground One (c) claim fails.

In Ground One (d) and Ground One (e), McCoy alleges ineffective assistance of counsel for counsel's alleged failure to "tell him the maximum sentence of a guilty plea" and promising him a fifteen-year sentence. (McCoy § 2254 Pet. 6.) The PCR Court found that McCoy was aware of the maximum sentence and was not promised a fifteen-year sentence. (Resp't Mem. Supp. Summ. J. Exs. (App. 161-64).) The PCR Court concluded that McCoy

> was properly advised of the potential sentences by both [Soltis] and the plea court. This Court finds [that McCoy] was not promised any sentence by either plea counsel or the solicitor. This finding is supported by plea counsel's testimony and by the plea and sentencing transcripts. Further, [McCoy] has failed to convince this Court that he pled guilty under the belief–rather than the mere hope–that he would receive a fifteen (15) year sentence. . . . [McCoy] told the sentencing court that he knew he was facing a potential sentence of fifteen (15) to thirty (30) years' imprisonment. . . . Thus, in his statements to the sentencing court, [McCoy] did

10

not consistently contend he was promised a fifteen (15) year sentence. In fact, the sentencing court specifically noted the sentence imposed was within the sentence range [McCoy] contended [Soltis] told him he was facing.

(Id. Exs. (App. 163-64).) Soltis testified that he spoke with the sentencing judge on the day of sentencing and hoped that McCoy would receive a range of fifteen to twenty years' imprisonment. (Id. Exs. (App. 162).) Soltis testified that although he never promised McCoy that he would receive a fifteen-year sentence, he did explain that "the defense was hoping for that sentence." (Id.) As stated above, the PCR court found Soltis' testimony to be credible. Moreover, at sentencing McCoy stated that he was "told [that he] was pleading guilty to 15 to 30 years. . . . My lawyer told me that if I–I was pleading guilty to 15 to 30 years, and, if I testified, I would most likely get the 15 years." (Id. Exs. (App. 55).) McCoy was sentenced to a total of thirty years' imprisonment. McCoy has presented no evidence that he was ever promised that he would receive a maximum sentence of fifteen years' imprisonment. In fact, during his guilty plea hearing, when the court asked McCoy if anyone promised him anything outside of what was stated in open court, McCoy responded "No, Sir." (Resp't Mem. Supp. Summ. J. Exs. (App. 23).) After a thorough review of the record in this case, the court finds that McCoy has failed to show that the PCR court's determination was contrary to clearly established federal law or based on an unreasonable application of the facts. Further, McCoy has failed to show that counsel was constitutionally ineffective. Consequently, McCoy's Ground One (d) and Ground One (e) claims for ineffective assistance of counsel fail.

McCoy's final ineffective assistance of counsel claim, Ground One (f), alleges that counsel was ineffective for failing to make a motion to withdraw his guilty plea upon request. (McCoy § 2254 Pet. 6.) McCoy alleges that he told Soltis that he wished to withdraw his guilty

plea but Soltis informed him that the judge would not let him withdraw his guilty plea. (Objections 22.) At the PCR hearing, Soltis testified that he recalled McCoy discussing with him the "possibility" of withdrawing his plea, but he did not recall him affirmatively asking him to do so. (Resp't Mem. Supp. Summ. J. Exs. (App. 131).) Soltis also testified that he never told McCoy that he could not withdraw his guilty plea or that he would not request a withdrawal, although he did believe that the likelihood of the judge allowing him to withdraw his plea was minimal. (Id. Exs. (App. 132).) The PCR court found that Soltis "did not refuse to seek permission to withdraw [McCoy's] guilty plea and that even if [McCoy] did express a desire to withdraw his plea after his testimony during his co-defendant's trial, the sentencing court likely would not have permitted a withdrawal." (Id. Exs. (App. 164).) Upon review, the court finds that McCoy cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting his Ground One (f) claim or that the PCR court made objectively unreasonable factual findings. Accordingly, McCoy cannot demonstrate that Soltis was constitutionally ineffective or that he was prejudiced by counsel's representation.

Next, McCoy objects to the magistrate judge's finding that his guilty plea was not involuntary. (Objections, generally.) McCoy alleges that he did not know the elements of the crimes for which he pled guilty to and he was "coerced into pleading guilty against his own will." (McCoy § 2254 Pet. 7-8.) In support of his claim, McCoy reasserts that he was promised fifteen years' imprisonment by his attorney and the prosecutor and therefore he was misled into pleading guilty. (Id.) The PCR court found that McCoy "knowingly and intelligently pled guilty and the total sentence he received was within the range that he understood." (Resp't Mem. Supp. Summ. J. Exs. (App. 164).)

12

"[I]n order to be valid, a plea of guilty must be knowingly and voluntarily made."

Sargent v. Waters, 71 F.3d 158, 161 n.2 (4th Cir. 1995). "A voluntary and intelligent plea of

guilty is an admission of all the elements of a formal criminal charge and constitutes an

admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490

(4th Cir. 1993) (internal quotation marks and citations omitted). A review of McCoy's testimony

during his guilty plea reveals that he knowingly and voluntarily pled guilty.

At his PCR hearing, McCoy testified that he pled guilty before Judge William P. Keesley

and that Judge Keesley "went over with [him] the potential sentences" prior to accepting his

guilty plea. (Resp't Mem. Supp. Summ. J. Exs. (App. 108).) McCoy was also told "during [his]

plea that [he was] facing life plus 90 years" and he informed Judge Keesley that he understood.

(Id. Exs. (App. 108-09).) Additionally, during the guilty plea hearing McCoy admitted that he

was guilty of the charges as detailed by the prosecutor during the plea hearing. (Id. Exs. (App.

21).) When asked if anyone forced, threatened, or coerced him into pleading guilty, McCoy

responded "No, sir." (Id. Exs. (App. 22).)

McCoy also alleges that his plea was involuntary as a result of ineffective assistance of

counsel. (Objections, generally.) However, "[w]here, as here, a defendant is represented by

counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness

of the plea depends on whether counsel's advice was within the range of competence demanded

of attorneys in criminal cases." Hill, 474 U.S. at 56 (internal quotation marks omitted). As

discussed above, McCoy has failed to demonstrate that counsel was constitutionally ineffective.

Accordingly, the PCR court held that McCoy's plea was voluntary and intelligently made and

McCoy has failed to present any evidence that the PCR court's determination was contrary to

clearly established federal law or based on an unreasonable application of the facts. (Resp't

Mem. Supp. Summ. J. Exs. (App. 164).) Consequently, McCoy's involuntary guilty plea claim

fails.

Lastly, McCoy objects that the magistrate judge erred in finding that his due process

rights were not violated even though he was sentenced by a judge other than the judge who

accepted his guilty plea. (Objections 27.) McCoy argues that he was denied his Fourteenth

Amendment right of due process because the court violated "the 11th Rule of Federal rules of

crim. proc." because he was not sentenced by the same judge who accepted his guilty plea.

(McCoy § 2254 Pet. 9.) "[T]here is no . . . federal right to be sentenced by the same judge that

took a guilty plea and . . . no constitutional provision that guarantees such a right." Taylor v.

Bowersox, 329 F.3d 963, 969 (8th Cir. 2003). Since no clearly established Supreme Court

precedent mandated that McCoy be sentenced by the same judge who accepted his guilty plea, he

cannot establish that the PCR court's decision denying this claim is either contrary to, or

represents an unreasonable application of, any clearly established Supreme Court precedent.

Consequently, McCoy's due process claim fails. Therefore, after a thorough review of the record

and the magistrate judge's Report and Recommendation, the court adopts the Report and

Recommendation.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 23, is granted.  It is further

**ORDERED** that McCoy's § 2254 petition, docket number 1, is dismissed.  It is further

**ORDERED** that a certificate of appealability is denied because McCoy has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
February 24, 2010

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.